Ciccone v Gotta Have It! Collectibles, Inc. (2019 NY Slip Op 04333)





Ciccone v Gotta Have It! Collectibles, Inc.


2019 NY Slip Op 04333


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9525 156454/17

[*1]Madonna Ciccone, etc., Plaintiff-Appellant-Respondent,
v
Gotta Have It! Collectibles, Inc. doing business as Gotta Have Rock and Roll LLC, et al., Defendants-Respondents-Appellants, John Does #1-200 (a fictitious name), Defendants.


Proskauer Rose LLP, New York (Russell T. Gorkin of counsel), for appellant-respondent.
Bernstein Cherney LLP, New York (Hartley T. Bernstein of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about April 23, 2018, which denied plaintiff's motion for a preliminary injunction, granted defendants' motion to dismiss the complaint, denied sub silentio defendants' motion for sanctions, and denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, without costs.
Plaintiff seeks to enjoin defendants from auctioning off certain personal property allegedly belonging to her, which defendant Darlene Lutz acquired by virtue of her former friendship with plaintiff and consigned to defendant online auction house and its principals for sale. Plaintiff asserts claims for conversion and replevin against defendants.
The court correctly dismissed the complaint as against Lutz because plaintiff's claims of conversion and replevin against Lutz are barred by the very broad release in the 2004 settlement agreement between plaintiff and Lutz. Even if both claims did not technically accrue by the date of the release, they both arose "by reason of any event, transaction or other relationship or cause" occurring before then - i.e., the transfer of plaintiff's property to Lutz, which indisputably occurred before 2004.
The court also properly dismissed the complaint as against the auction house defendants. As we have found that Lutz, and not plaintiff, is the rightful owner of the personal property at issue based on the 2004 settlement agreement, Lutz was free to do with the property as she wished, which included consigning the property to the auction house defendants for sale. As plaintiff no longer owns the property, she may not maintain claims for conversion and replevin against the auction house defendants (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 50 [2006]; Solomon R. Guggenheim Found v Lubell, 77 NY2d 311, 317 [1991]).
Additionally, we find that the motion court properly denied plaintiff's motion for leave to amend the complaint. The new allegations asserted in the amended complaint do not change the determination that the property at issue does not belong to plaintiff and thus, she cannot maintain claims for conversion and replevin against defendants.
We also find that the motion court providently exercised its discretion in denying, sub silentio, defendants' request for sanctions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK